Samuel G. Currie et al.
vs.                     } Law No. 92643.
Max Nathanson

March 21, 1935.

CURRAN, J. Heard on defendant's motion for a new trial after verdict for the plaintiff for $10,000.

It appeared that on August 10, 1933, the defendant was the owner of all the outstanding capital stock of the Alton Amusement Company, a corporation of Rhode Island, which corporation was engaged in operating a moving picture business in the Park Theatre, so-called, in Woonsocket. The Alton Amusement Company was the lessee of this theatre under a written lease from Irene K. Jones and others, which lease at the time in question had several years to run.

The defendant authorized one John J. Donahue to represent him in the negotiations for the sale of this stock to the plaintiffs. The terms of sale were discussed and the plaintiffs were about to determine whether they would or not make the purchase, when one of the plaintiffs raised the question whether or not the corporation whose capital stock was about to be purchased was free of debt. Donahue took this question to the defendant and the defendant in writing asserted that it was free of debt. This assertion was false. The defendant knew it to be false. Thereafter, the plaintiffs purchased the capital stock for $7,000. They claim that in making the purchase they relied upon the defendant's representation as to the absence of debt.

So far as the right of the plaintiffs to recover was concerned, the only question was whether or not the plaintiffs in fact relied on defendant's representation. The Court is fully convinced that they did and that a finding by the jury to the effect that they did not would be a most unjust finding.

The plaintiffs, after making the purchase of the capital stock, advanced certain moneys to the corporation before they learned of the falsity of the representation. They claim that the sums so advanced amounted to $3,000. The defendant claims that the plaintiffs learned of the falsity of the representation before the full sum of $3,000 was advanced. This question was fairly submitted to the jury and the jury appears to have found that the plaintiffs did in fact advance the $3,000 to the corporation before they learned of the falsity of the representation.

The plaintiffs' entire investment was lost. The Court feels that the verdict is fully supported by the evidence, both as to the loan and as to the extent of damages.

Motion for new trial denied.

For plaintiff: Eugene L. Jalbert.

For defendant: Henry M. Boss.